UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                                      6:12-CV-0107
                                                      (GTS/DEP)
JENNIFER A. COOL,

               Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

MANFREDI LAW GROUP, PLLC               JOHN S. MANFREDI, ESQ.
  Counsel for Plaintiff
302 East 19th Street, Suite 2A
New York, NY 10003

JENNIFER A. COOL
  Defendant, Pro Se
147 Vorhees Road, Lot 30
Dolgeville, NY 13329

GLENN T. SUDDABY, United States District Judge

## MEMORADUM-DECISION and ORDER

     Currently before the Court, in this student debt collection action filed by the United States of America ("Plaintiff") against Jennifer A. Cool ("Defendant"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 6.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

**I.     RELEVANT BACKGROUND**

    **A.     Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint asserts that Defendant is indebted to Plaintiff for the outstanding principal balance on a loan she took out through the William D. Ford Federal Direct Loan Program ("the Loan ") in the amount of $1,448.41, plus prejudgment interest at a rate of 4.25 percent per year from October 11, 2005. (Dkt. No. 1 & Ex. A.)

As relief, Plaintiff's Complaint requests (1) the above-described outstanding principal balance, (2) prejudgment interest for the Loan at the rate of 4.25 percent per year, from June 28, 2010, to the date of judgment (which allegedly amounts to $0.17 per day, resulting for example in prejudgment interest of $384.67 between October 11, 2005, and March 2, 2011), (3) post-judgment interest for the Loan pursuant to 28 U.S.C. § 1961, (4) all administrative costs and service-of-process costs allowed by law, and (5) attorneys' fees allowed by law or contract. (*Id*.)

    **B.     Plaintiff's Service of Its Complaint and Defendant's Failure to Answer**

On January 30, 2012, Plaintiff served its Complaint on Defendant. (Dkt. No. 3.) As of the date of this Memorandum-Decision and Order, Defendant has filed no Answer to that Complaint. (*See generally* Docket Sheet.)

    **C.     Clerk's Office's Entry of Default and Defendant's Non-Appearance**

On February 24, 2012, Plaintiff requested that the Clerk of the Court enter default against Defendant pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 4.) On February 28, 2012, the Clerk of the Court entered that default. (Dkt. No. 5.) As of the date of this Memorandum-Decision and Order, Defendant has not appeared in this action and/or attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment, and Defendant's Non-Response

On February 29, 2012, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 6.) As relief, Plaintiff requests as follows: (1) the outstanding principal balance on the Loan in the amount of $1,448.41; (2) prejudgment interest at a rate of 4.25 percent per year from October 11, 2005, to an unspecified date, in the amount of $393.29; (3) attorney's fees in the amount of $552.51; and (4) service-of-process fees totaling $55.00. (*Id.*)

In support of its request for the outstanding balance and prejudgment interest, Plaintiff (1) relies on the Certificate of Indebtedness attached to its Complaint, and (2) attaches the affidavit of its counsel purporting to assert personal knowledge of, inter alia, the principal debt and interest allegedly owed. (*Id.*)

In support of its request for attorney's fees, Plaintiff argues, in a three-page document labeled as an "Application," that (1) Defendant signed a promissory note obligating her to pay attorney's fees, and (2) the United States of America has agreed to pay Plaintiff's counsel a contingent fee of 30.0% on all amounts collected in this matter. (*Id.*) Plaintiff did not submit a memorandum of law, attach the promissory note, or attach documentation showing counsel's billable rate or hours worked. (*Id.*)

Familiarity with the particular grounds of Plaintiff's motion for default judgment, and the relief requested therein, is assumed in this Memorandum-Decision and Order, which is intended primarily for review of the parties.

As of the date of this Memorandum-Decision and Order, Defendant has filed no response to the motion. (*See generally* Docket Sheet.)

II.     RELEVANT LEGAL STANDARD

    A.     **Legal Standard Governing Motions for Default Judgment**

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

    When the Court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009

WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: (1) determining the proper rule for calculating damages on such a claim, and (2) assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155.  Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

### B.      Legal Standard Governing Request for Pre-Judgment Interest

Generally, the purpose of prejudgment interest is to put a party in the position that it would have been in had it been paid immediately.  Prejudgment interest is designed to ensure that a party is fully compensated for its loss.  *See City of Milwaukee v. Cement Div. Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995); *Rodgers v. United States*, 332 U.S. 371, 373 (1947) (explaining that a party "who has suffered actual money damages by another's breach . . . should be fairly compensated" by entry of appropriate interest).  Prejudgment interest is usually awarded in situations where economic injuries have been sustained.  *McDow v. Rosado*, 657 F. Supp. 2d 463, 464 (S.D.N.Y. 2009).  Prejudgment interest typically accrues from the date of the loss or from the date on which the claim accrued.  *West Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987); *Cornell Univ. v. Hewlett-Packard Co.*, 01-CV-1974, 2009 U.S. Dist. LEXIS 41408 at *10 (N.D.N.Y May 15, 2009) (Rader, J.) ("[P]rejudgment interest ordinarily is awarded from the date of infringement until entry of judgment.").

The Court has broad discretion in calculating a rate of interest for an award of prejudgment interest.  "There is no federal statute that purports to control the rate of prejudgment interest." *Jones v. UNUM Life Ins. Co. of Am.,* 223 F.3d 130, 139 (2d Cir. 2000).  The Second

Circuit has not definitively spoken concerning the particular methodology to be employed in choosing an interest rate for prejudgment interest. *See Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995) (stating that the rate used for pre-judgment interest is confided to the district court's discretion). Thus, the fashioning of relief and the assessment of prejudgment interest are committed to the district court's sound discretion. *Kinek v. Paramount Commc'ns*, 22 F.3d 503, 508 (2d Cir. 1994) (affirming award of prejudgment interest at the rate of 9.5 percent).

      C.    **Legal Standard Governing Request for Post-Judgment Interest**

Generally, post-judgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment. *Andrulonis v. United States*, 26 F.3d 1224, 1230 (2d Cir. 1994). Plaintiffs who prevail on a federal claim are entitled to post-judgment interest on all money awards. *See Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2d Cir. 1998). Consideration of post-judgment interest is governed by 28 U.S.C. § 1961(a), which states in pertinent part as follows:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. Interest shall be computed daily to the date of payment, and shall be compounded annually.

28 U.S.C. § 1961(b). For an award of post-judgment interest, the Court must utilize the rate of interest specified in 28 U.S.C. § 1961(a). *See e.g. Westinghouse Credit Corp v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004) ("Section 1961 of Title 28 provides a uniform rate at which post-judgment interest is to accrue on civil money judgments recovered in federal district court.").

### D. Legal Standard Governing Request for Costs

Generally, costs include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *see also United States for Use and Benefit of Evergreen Pipeline Const. Co. v. Merritt-Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (denying recovery for lack of documentation of what was copied and the number of copies made); *LV v. New York City Dept. of Educ.*, 700 F. Supp.2d 510, 528 (S.D.N.Y. 2010) (ruling that "meals and hand deliveries are not compensable."). Of course, where those costs have not been paid (e.g., filing fees by the United States of America in civil actions),[1] they are typically unrecoverable.[2]

---

[1] *See U.S. v. Bennett*, 09-CV-1242, 2010 WL 185105, at *3, n.1 (M.D. Fla. Jan. 19, 2010) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Cook*, 08-CV-0680, 2008 WL 4935942, at *4, n.1 (M.D. Fla. Nov. 18, 2008) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Baron*, 08-CV-0414, 2008 WL 4459074, at *3, n.1 (M.D. Fla. Sept. 30, 2008) ("Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Burns*, 92-CV-6593, 1992 WL 247438, at *1 (S.D. Fla. Sept. 14, 1992) ("The clerks of the United States District Courts, however, have not required the United States, as a party in any civil action, to pay a filing fee."); *U.S. v. Spann*, 797 F. Supp. 980, 981 (S.D. Fla. Aug. 14, 1992) ("[T]he clerks of the United States District Courts have not required the government, as a party in any civil action, to pay a filing fee, pursuant to 28 U.S.C. § 1914(a), since even before the undersigned was born.") [citation omitted]; *see also* 28 U.S.C. § 2412(a)(2) ("A judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title. *The preceding sentence shall not be construed as requiring the United States to pay any filing fee*.") [emphasis added].

[2] *See, e.g., U.S. v. Anthony*, 09-CV-1163, 2010 WL 681359, at *2 (N.D.N.Y. Feb. 24, 2010) (McAvoy, J.) ("The docket does not reflect that the Plaintiff paid a filing fee. Accordingly, the Court will not award costs at this time."), *accord, U.S. v. Maye*, 09-CV-1164, 2010 WL 681396, at *2 (N.D.N.Y. Feb. 24, 2010) (McAvoy, J.); *see also U.S. v. Bowlby*, 07-CV-0606, 2008 WL 3245467, at *1 (M.D. Fla. Aug. 7, 2008) ("The United States did not pay a filing fee in this case, even though represented by private counsel. Therefore the $150.00 will not be permitted."); *U.S. v. Burns*, 92-CV-6593, 1992 WL 247438, at *1 (S.D. Fla. Sept. 14, 1992)

### E. Legal Standard Governing Request for Attorney's Fees

Rule 54(d) of the Federal Rules of Civil Procedure confers on federal courts the ability to award attorney's fees to the prevailing party when directed by federal statute or the civil rules. Fed. R. Civ. P. 54(d). In addition, 34 C.F.R. 30.60(a)(8) states, in pertinent part, as follows: "The Secretary may charge a debtor for the costs associated with the collection of a particular debt [under the William D. Ford Federal Direct Loan Program]. These costs include ... attorney fees." 34 C.F.R. 30.60(a)(8).

In deciding whether or not to award attorney's fees under the federal regulation mentioned above, there is a two-step analysis that courts must employ. First, "the party must be a prevailing party . . . ." *Pino v. Locasio*, 101 F.3d 235, 237 (2d Cir. 1996) (internal quotations and citations omitted). "[T]he requested fee must also be reasonable." *Pino*, 101 F.3d at 237 (internal quotations and citations omitted).

### F. Legal Standard Governing Unopposed Motions

In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R.

---

("Because the United States has not actually incurred the cost of the filing fee, the United States, as the prevailing party, is not entitled to tax the cost of the filing fee. . . . Thus, this Court DENIES the United States' request to tax the filing fee that the United States never paid.") [citation omitted]; *U.S. v. Spann*, 797 F. Supp. 980, 982 (S.D. Fla. Aug. 14, 1992) ("To allow the government to recover 'something,' the clerk of court's filing fee, when it has done 'nothing,' actually pay a filing fee, would result not only in an illogical and inequitable result from the perspective of a non-prevailing party, but also undermines the notion that the federal court system gives private litigants 'a fair shake' when involved in actions with the government."); *U.S. v. Orenic*, 110 F.R.D. 584, 586 (W.D. Va. 1986) (holding that the government, as prevailing party, was not entitled to taxation as cost of filing fee which it had never actually paid, despite contention that it had constructively paid the fee through payment of clerk's salary).

7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).[3]

### III.   ANALYSIS

#### A.   Default Judgment on Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden in establishing entitlement to a partial default judgment against Defendant with regard to her liability for the claim against her. The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendant. However, no Answer has been filed and no one has appeared on behalf of Defendant. In addition, the Clerk of the Court has already entered default against Defendant, and Plaintiff has served Defendant with its motion for the issuance of default judgment. However, Defendant still has not responded to the motion or appeared in this action.

Finally, the Court finds that the factual allegations of the Complaint (together with the Certificate of Indebtedness attached to the Complaint) are sufficient to state a claim upon which relief can be granted. (Dkt. No. 1, Attach. 1.) *See also W.A.W. Van Limburg Stirum et al. v.*

---

[3]   *Cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

*Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For these reasons, the Court grants Plaintiff's motion for the issuance of a default judgment with regard to its claims pursuant to Fed. R. Civ. P. 55(b).

**B.     Default Judgment on Damages**

**1.     Plaintiff's Request for Damages in the Amount of the Outstanding Principal Balance on the Loan**

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that it is entitled to recover the outstanding principal balance of $1448.41 on the Loan. After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest burden of establishing a valid basis for recovering the outstanding principal balance it seeks under the circumstances. The Court notes that, while a hearing to fix the amount of damages may be conducted pursuant to Fed. R. Civ. P. 55(b), a hearing is not required where the court has found that there is a basis for the damages specified in the default judgment.[4] Here, the Court has made such a finding.

---

[4]     *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

For example, in support of its request for the outstanding principal balance, Plaintiff has relied on, *inter alia*, a Certificate of Indebtedness regarding Plaintiff executed by a representative of the United States Department of Education on March 9, 2011. (Dkt. No. 6, at 5; Dkt. No. 1, Attach. 1.) More specifically, this sum consists of $1,448.41 in outstanding principal on the Loan. (Dkt. No. 1, Attach. 1.) As a result, the Court finds that Plaintiff has met its burden of establishing a valid basis for recovering the outstanding principal balance on the Loan.

For these reasons, Plaintiff is awarded $1,448.41 in outstanding principal on the Loan.

### 2.   Plaintiff's Request for Pre-Judgment Interest on the Loan

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that it is entitled to recover prejudgment interest at a rate of 4.25 percent per year from October 11, 2005, to the date of judgment, with regard to the outstanding principal balance on the Loan. After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest burden of establishing a valid basis for recovering the prejudgment interest it seeks under the circumstances. For example, in support of its request for prejudgment interest, Plaintiff has relied on, *inter alia*, a Certificate of Indebtedness executed by a representative of the United States Department of Education on March 9, 2011, which shows that Plaintiff owes prejudgment interest on the outstanding principal balance in question at a rate of 4.25 percent per year from October 11, 2005. (Dkt. No. 6, at 5; Dkt. No. 1, Attach. 1.)

The Court would only add the following two points. First, Plaintiff's papers are deficient in the following ways: (1) in calculating the prejudgment interest owed between October 11, 2005, to March 2, 2011, the Certificate of Indebtedness rounds up the daily rate of prejudgment interest owed to $0.17, resulting in a slightly higher amount of prejudgment interest owed during that time period; (2) in its motion papers, Plaintiff's counsel improperly swears that he possesses personal knowledge of the amount of prejudgment interest owed, and, in any event, purports to

calculate that amount without stating the period of time during which the interest has accrued. (Dkt. No. 1, Attach. 1; Dkt. No. 6, at 6.)[5]  However, from the Certificate of Indebtedness, the Court is persuaded that Plaintiff indeed owes prejudgment interest of 4.25 per year from October 11, 2005, and that time period referenced by counsel is October 11, 2005, to February 29, 2012 (the date of the attached notice of motion).

Second, applying that rate of 4.25 percent per year from October 11, 2005, to June 27, 2012 (the date of this Decision and Order), the Court calculates the prejudgment interest as follows.  Plaintiff is owed prejudgment interest at a rate of 4.25 percent per year on the outstanding balance of $1,448.41, for 2,452 days (i.e., October 11, 2005, to June 27, 2012), amounting to $413.53.

For these reasons, Plaintiff is awarded $413.53 in prejudgment interest on the Loan.

### 3.    Plaintiff's Request for Service-of-Process Fees

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that it is entitled to recover service-of-process fees under either Local Rule 54.1 of the Local Rules of Practice for this Court or 31 U.S.C. § 3717(e).  After carefully considering the matter, the Court accepts Plaintiff's argument for the recover of service-of-process fees.

With regard to Plaintiff's request for the recovery of its service-of-process fee, Plaintiff's counsel does not include in its motion documentation supporting its argument that it incurred these fees or that they amount to $55.00.  However, again, the Court is not inclined to punish the

---

[5] *See, e.g., Road Dawgs Motorcycle Club of the U.S., Inc. v. 'Cuse Road Dawgs, Inc.*, 679 F. Supp.2d 259, 281-82 & n.54 (N.D.N.Y. 2009) (Suddaby, J.) (finding that defense counsel could not have personal knowledge of facts giving rise to lawsuit, so as to tender affidavit, without becoming witness to lawsuit pursuant to Ethical Rules 3.4 and 3.7); *U.S. v. De Angelis*, 490 F.2d 1004, 1011 (2d Cir. 1974) (Mansfield, J., concurring) (finding defense counsel's conduct violated ethical rules where he "voiced his personal knowledge of facts" of case).

United States for the deficiency of its counsel.  The Court takes judicial notice of the fact that Plaintiff served its Complaint on Defendant with the assistance of North American Process Serving, LLC.  (Dkt. No. 3.)  The Court finds that $55.00 is a reasonable service-of-process fee, especially given the distance between the process server's main office (in Williamsville, New York) and Plaintiff's residence (in Dolgeville, New York).

For these reasons, Plaintiff is awarded $55.00 in service-of-process fees.

### 4. Plaintiff's Request for Attorney's Fees

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that attorney's fees should be awarded because (1) Defendant signed a promissory note obligating her to pay attorney's fees, and (2) the United States of America has agreed to pay Plaintiff's counsel a contingent fee of 30.0% on all amounts collected in this matter.

After carefully considering the matter, the Court rejects Plaintiff's argument.  The Court would add only the following five brief points.

First, Plaintiff's counsel does not attach a copy of the promissory note that purportedly obligates Defendant to pay attorney's fees.

Second, Plaintiff's counsel does not submit a record of his hours worked and billable rate.

Third, Plaintiff's counsel does not support Plaintiff's motion with a memorandum of law. Rather, Plaintiff submitted a document entitled "Application," which does not satisfy the requirements of a memorandum of law, most notably, the requirement that the memorandum of law (1) specify the case law and/or regulations upon which the motion is based (including the regulations cited above in Part II.D. of this Decision and Order), and (2) contain a table of contents.  N.D.N.Y. L.R. 7.1(a)(1).

Fourth, the fact that Plaintiff has agreed to pay its counsel a 30 percent contingency fee does not necessarily mean that the fee is *reasonable* such that Plaintiff may recover that fee from Defendant. *See Eng'rs Joint Welfare Fund v. W. New York Contractors, Inc.*, 09-CV-0417, 2011 WL 7430997, at *2 (N.D.N.Y. Feb. 28, 2011) (Suddaby, J.) ("[T]he fact that counsel's time entries are sufficient for Plaintiffs does not control whether those time entries are sufficient for purposes of a motion for attorneys' fees . . . .").

Fifth, given the quality of Plaintiff's motion papers, the Court doubts that the numbers of hours worked multiplied by a reasonable rate equals the amount of attorney's fees requested by Plaintiff's counsel ($552.51).

For these reasons, Plaintiff's request for attorney's fees is denied.

### 5.     Plaintiff's Request for Post-Judgment Interest on the Loan

As indicated above in Part I.D. of this Decision and Order, Plaintiff argues that it is entitled to recover post-judgment interest on the Loan pursuant to 28 U.S.C. § 1961.  The Court accepts Plaintiff's unopposed argument for the reasons stated in its motion papers; and, in accordance with Part II.C., the Court awards Plaintiff post-judgment interest on the Loan at a "rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961.

Here, the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment is 0.188 percent per year.  *See* Board of Governors of the Federal Reserve System's Selected Interest Rates, http://www.federalreserve.gov/releases/h15/current/ (last visited June 27, 2012).

For these reasons, Plaintiff is awarded post-judgment interest at the rate of 0.188 percent per year.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 6) is **GRANTED in part** and **DENIED in part** in the following respects:

(1) Plaintiff's request for a default judgment with regard to its claims pursuant to Fed. R. Civ. P. 55(b) is **GRANTED**;

(2) Plaintiff's request for an award of outstanding principal on the Loan is **GRANTED**, and Plaintiff is awarded **ONE THOUSAND FOUR HUNDRED FORTY-EIGHT DOLLARS AND FORTY-ONE CENTS ($1,448.41)** in such outstanding principal;

(3) Plaintiff's request for an award of prejudgment interest on the outstanding principal with regard to the Loan is **GRANTED**, and Plaintiff is awarded **FOUR HUNDRED THIRTEEN DOLLARS AND FIFTY-THREE CENTS ($413.53)** in such prejudgment interest;

(4) Plaintiff's request for service-of-process fees in the amount of **FIFTY-FIVE DOLLARS AND ZERO CENTS ($55.00)** is **GRANTED**;

(5) Plaintiff's request for an award of attorney's fees is **DENIED**; and

(6) the total money judgment awarded to Plaintiff is **ONE THOUSAND NINE HUNDRED SIXTEEN DOLLARS AND NINETY-FOUR CENTS ($1,916.94)**;

(7) Plaintiff's request for an award of post-judgment interest on the total money judgment is **GRANTED**, and Plaintiff is awarded such post-judgment interest at a rate of 0.188 percent per year, pursuant to 28 U.S.C. § 1961; and

**ORDERED** that the Clerk of the Court shall enter a Judgment accordingly, and close this case.

Date:  June 27, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge